UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ALEX FRANKLIN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT FOX,<br><br>Respondent. | No. 2:18-cv-2127-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He was convicted of first degree murder with the use of a handgun and is serving an indeterminate life term. ECF No. 1 at 2, 6. He claims that the Board of Parole Hearings (1) excessively punished him by denying him parole after serving thirty-six years on a twenty-five years to life sentence, (2) denied him due process because its decision was not supported by "some evidence" of his current danger to society, and (3) should have found him eligible for "elderly parole." *Id.* at 2-14.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

---

[1] Petitioner also seeks leave to proceed in forma pauperis. ECF No. 1 at 17-19. That request will be granted.

relief . . . ." The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

First, petitioner's excessive punishment claim necessarily fails. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Even a life sentence for murder *without* the possibility of parole does not constitute cruel and unusual punishment. *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1992). Thus, the Board's failure to set a release date for petitioner, an indeterminately sentenced inmate, is simply not cognizable on federal habeas review. *See Carr v. Rackley*, No. 2:16-cv-1364-MCE-KJN P, 2017 U.S. Dist. LEXIS 54645, at *3-6 (E.D. Cal. Apr. 10, 2017).

Petitioner's due process also necessarily fails. California's parole statutes give rise to a liberty interest protected by the federal Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding. *Id.* at 220-22. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 220. Here, the transcript of petitioner's 2017 parole suitability hearing, attached to the petition, reveals that petitioner was given the opportunity to be heard and a statement of reasons as to why parole was denied. ECF Nos. 1-1 & 1-2. Thus, petitioner was afforded all the process he was due.

Finally, the court notes that petitioner's age does not entitle him to release or otherwise give rise to a cruel and unusual punishment claim. *See Allen v. Ornoski*, 435 F.3d 946, 954 (9th
/////

2

Cir. 2006) (Eighth Amendment does not forbid execution of "elderly and infirm" death-row inmates).

Accordingly, IT IS HEREBY ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 1 at 17-19) is granted, and the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 16, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE